**OXFELD COHEN, PC**
60 Park Place, 6th Floor
Newark, New Jersey 07102
(973) 642-0161
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DISTRICT 1199J, NEW JERSEY HEALTH CARE EMPLOYERS BENEFIT FUND,<br><br>Plaintiff,<br><br>v.<br><br>PRINCETON CARE CENTER,<br><br>Defendant. | Civil Action No.:<br><br>**COMPLAINT<br>AND<br>JURY DEMAND** |

## I.   NATURE OF CLAIM

1. Plaintiff brings this action pursuant to 29 U.S.C. ¶1145 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. ¶ 1001 et seq. It seeks to enforce obligations of the Defendant, Princeton Care Center, ("Princeton"), to make unpaid accrued interest payments on late payroll contributions to Plaintiff, District 1199J, New Jersey Health Care Employers Benefit Fund ("Benefit Fund"), Plaintiff.

2. In this action, Plaintiff seeks declaratory judgment, payment of accrued interest on the late payment of benefit fund contributions, liquidated damages, injunctive relief, reasonable attorney's fees, and such other legal or equitable relief as the Court deems necessary and proper.

## II.   JURISDICTION

3. Jurisdiction of this Court is invoked pursuant to 29 U.S.C. ¶ 1132 of ERISA, entitled "Civil Enforcement," and 29 U.S.C. § 185 of the Labor Management Relations Act ("LMRA"). Venue properly lies in this district under ERISA, 29 U.S.C. § 1132(e)(2).

### III.   PARTIES

4. Plaintiff is an employee benefit plan within the meaning of ERISA. Its offices are located at 9-25 Alling Street, Newark, New Jersey 07102. Defendant, Princeton is an employer with a bargaining unit of employees within the meaning of the National Labor Relations Act ("Act"), 29 U.S.C. 151 et seq., and is an employer within the meaning of ERISA. Defendant is located at 728 Bunn Drive, Princeton, New Jersey 08540.

### IV.   STATEMENT OF FACTS

5. Princeton is a participant in an Agreement and Declaration of Trust ("Trust") for the Benefit Fund. Article V, Section 5.1 of the Trust, entitled "Contribution By Written Agreement," provides that:

> The contributions to the Trust Fund shall be made pursuant to the terms of the Collective Bargaining Agreements or such other agreements as may be executed to require an Employer to Contribute on behalf of its Employees; however, there shall be a minimum level of Contributions required for an Employer to participate in this Trust Fund which shall be equal to the dollar amount per participating employee being contributed by the New Jersey Employers. An Employer shall not be required to make any Contribution except as provided in the Collective Bargaining Agreement or other such agreement to which the Employer is a party.

6. Section 5.3 of Article V of the Trust, entitled "Nonpayment," provides that:

> The failure of an Employer to pay the Contributions as required hereinunder shall be a violation of the Collective Bargaining Agreement or other agreement of the said Employer. Non-payment by an Employer of any Contributions when due shall not relieve any other Employer of its obligation to make payments.

7. Section 5.4 of the Trust entitled, "Documents: Access and Filing," provides that:

> Each Contributing Employer shall furnish or make available to the Trustees upon their written demand such pertinent wage and payroll information relating to its Employees covered by the Collective Bargaining Agreement or other agreement requiring contributions as shall be necessary for the implementation of the Trust. Each Employer shall also render to the Trustees with the payment of its Contributions written reports as to the wages paid to its Employees and the Contributions due or payable to the Trust Fund pursuant to the Collective Bargaining Agreement or other agreement.

8. Section 5.5 of the Trust, entitled "Audits," provides that:

> The Trustees, or their authorized representatives, may examine and audit the pertinent payroll books and records of each Employer whenever such examination or audit is necessary in connection with the proper administration of the Trust Fund. The Employers shall make such documents as required to perform the audit available to the Trustees or their authorized representatives.

9. The Labor Agreement between Princeton and the representative of its employees, District 1199J, NUHHCE, AFSCME, AFL-CIO, contains a provision concerning contributions to the Benefit Fund. It provides that:

> 1. The Employer shall continue to contribute to the District 1199J New Jersey Benefit Fund for Hospital and Health Care Employers, and shall make monthly payments based upon the previous month's payroll. Payments shall

be due no later than thirty (30) days following the payroll month on which they are based. By way of example, a January contribution shall be based on the payroll for the month of July and shall be made no later than the thirtieth (30th) day of August.

(a) Effective with the payroll commencing on July 1, 2011, the contribution shall consist of a sum equal to twenty five (25%) percent of gross payroll of the Employees for the preceding month exclusive of amounts earned by Employees during the first two (2) months following the beginning of their employment. Such payments shall be used by the Trustees of the Benefit Fund for the purpose of providing the Employees with social benefits, e.g., disability benefits, death benefits and hospital benefits as the Trustees of the said Fund may from time to time determine.

2. If a payment or payments are not made in compliance with Section 1 above, the Employer shall, from and after the due date thereof, and until full payment of arrears is made, pay interest on such arrears at the rate of Citibank's prime plus two (2%) percent per annum or the maximum permitted by law, whichever is less.

## V. COUNT ONE

10. 29 U.S.C. § 1145 of ERISA requires an employer to comply with its obligation to contribute to a multi-employer benefit plan. Section 1145 provides as follows:

> "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collective bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and contributions of such plan or such agreement."

11. The contractual obligations of Defendant Princeton are found both in the Trust and the Labor Agreement.

12. Princeton is delinquent for accrued interest on the late payment of payroll contributions for the periods January 1, 2013 through May 31, 2018, in the amount of $3,791.93. The defendant was notified of its delinquency and it did not cure the arrears effective this date.

13. By letter dated May 15, 2018 and November 8, 2018, Princeton was notified of the delinquency on the payment of accrued interest and no payments have been made to date.

## VI. DEMAND FOR JUDGMENT

**WHEREFORE**, Plaintiff respectfully requests that this Court:

1. Enter judgment that the failure to make appropriate accrued interest on the late payment of contributions into the Fund constitutes a violation of ERISA, the collective bargaining agreement, and the Agreement and Declaration of Trust;

2. Require the full payment of unpaid accrued interest to the Fund;

3. Require the payment of an additional amount equal to the greater interest or Liquidated damages;

4. Require the issuance of an injunction compelling Defendant to satisfy the demands made by Plaintiff, and requiring it to make all appropriate contributions;

5. Require the payment of reasonable attorney's fees and costs of suits; and

6. Require such other legal or equitable relief as the Court deems necessary.

Respectfully submitted,
OXFELD COHEN, PC

BY: _____
ARNOLD SHEP COHEN

DATED: November 20, 2018

## CLAIM FOR JURY TRIAL

Plaintiff claims its right to a trial by jury on all issues.

Respectfully submitted,
OXFELD COHEN, PC

BY: _____
ARNOLD SHEP COHEN

DATED: November 20, 2018